Opinion on application for rehearing.
Deaderick, J.,
delivered the opinon of the court:
An application to rehear this case has been presented, but after the time limited by a rule of.the court for the presentation of such petition, and upon this ground further examination of the cause upon the main question uuon which it was decided might well have been refused. But upon the explanation of counsel as to the cause of the delay in presenting the petition, and in view of the important interestsynvolved, the cause has been reconsidered.
We held that the act of 1851-2, ch. 117, Code, sec. 1142 et seq., was a law of the land, prescribing the mode in which and the conditions upon which counties might subscribe stock in railroad companies, and so it was held in the case of the L. & N. R. R. Co. v. Davidson County et al., in which case its constitutionality was contested. 1 Sneed, 676.
We also held that the acts of 1867, under which the subscription of stock by Tipton county was made, was partial and special laws in conflict with the general law, and repugnant to art. 11, par. 7, of the constitution of 1834.
It is said that in 3 Head, 322, it was held in the case of the Corporation of Chattanooga v. McCallie [McCallie v. Chattanooga], that art. 2, sec. 29, conferred the power of the legislature to authorize the mayor and aldermen to subscribe for stock without a vote of the inhabitants, and that the recent case of Ross v. Anderson County [8 Bax., 249] recognizes the same doctrine.
In the first named case the question is not discussed at all, a simple declaration of power conferred by the constitution, without any reference to or discussion of the effect of the act of 1851 — 2 as an exercise of that power.
*559 In [he other ease, it is held where the power exists, and has been exercised, a mere irregularity in its exercise may be cured by legislative enactment, or may be insufficient, to render the acts void.
In the case of McKinney & Co. v. Memphis Overton Hotel Co. [12 Heis., 104], opinion by Judge Freeman, at the April term, 1813, of this court, the question under discussion arose upon a charter of said company authorizing it to issue bonds bearing more than six per cent., the legal rate of interest at the time the charter was granted. The court say: “The very fact that the act of the legislature had to be passed for this purpose settles, we think, the question conclusively that it is a law passed in derogation of the general law of the land to enable something to be done that could not legally be done, so as to effecutate the end desired.” See also [Morgan v. Need], 2 Head, 276.
This case is a very strong illustration of the soundness of the argument presented in the foregoing extract. There was a general law allowing stock to be subscribed by counties to railroad companies, but legislation was needed to relieve this company and county from the operation of that general law, and, accordingly, it was procured, and the county court having been organized with a view to sub-serve the interest of the railroad company, the scheme of subscription and taxation, and issuance of the bonds of the county was consummated -by corrupt means, which we refrained from commenting upon, in the opinion delivered, only because the evidence disclosing the facts could not be looked to as against the company. We allude to it now by way of illustrating the wisdom of the provision inhibiting the passage of partial laws, which are often attempted to be passed in the interest of oppression and injustice.
The popular approval, by their votes, before lending credit to corporations, by counties, towns, and cities, has been deemed so necessary to the protection of the people *560 against onerous taxation that tbe constitution of 1870 bas forbidden it to be done without the assent of three-fourths of the voters on the election upon the question. Art. 2, par. 29.
In the case of McKinney & Co. v. The Overton Hotel Co, [12 Heis., 104], where the law allowing 10 per cent, to be taken was held to be inconsistent with the general laws of the land, it was very plausibly argued that the proviso of the section of the constitution prohibiting said special laws, excepted from its operation such powers as were conferred in charters of incorporation. But this court held that the legislature could not, in the act of incorporation, authorize such corporation either to* give or to take any more than the uniform and legal rate of interest, which is fixed by the general law of the land.
"We conclude by saying that we are satisfied' with the correctness of the opinion heretofore delivered, and adhere to it, and dismiss the application for a rehearing.